## The People v. Henry H. Parkhurst.

*Embezzlement—New trial.*

A person was charged with embezzlement to an amount exceeding $25, but there was no proof that part of the money came to his hands and the remainder was less than $25. *Held* that a request for an acquittal was too broad, but that respondent should have had the benefit of the defect in proof under the request, and as a punishment for felony was unwarranted, he was entitled to a new trial.

Exceptions from Muskegon. Submitted June 20. Decided June 27.

INFORMATION for embezzlement. Respondent was convicted. New trial ordered.

Attorney General *Jacob J. Van Riper* for the People.

*J. H. Standish, W. D. Fuller* and *Stephen H. Clink* for the respondent.

COOLEY, J. Respondent was convicted on a charge of embezzlement of property to a value exceeding twenty-five dollars. The record contains all the evidence. The property embezzled was bark, which was delivered by servants of the respondent to third persons and the value received by the servants. The evidence of embezzlement was that respondent failed to account for the money received. One certain sum was paid to a man named Ryan, and there was neither evidence that Ryan had authority to receive it nor that the money ever came to respondent's hands. Leaving this out of view the value supposed to have been converted by respondent was less than twenty-five dollars. The judge was requested to charge the jury that on the evidence respondent was entitled to an acquittal. The request was refused. It was undoubtedly too broad, but as no felony was made out we think the respondent should have the benefit of the defect in proof under this request. The other

evidence of conversion did not bring the crime home to the respondent very conclusively, and as the punishment to which he is subject is clearly unwarranted by proofs, we think justice requires a new trial.

It will be ordered accordingly.

The other Justices concurred.